STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**FILED**
September 29, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JERRY CLAY,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0516** (BOR Appeal No. 2047928)
                          (Claim No. 2011008920)

**JAMES E. DEAN,**
**Employer Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Jerry Clay, by John C. Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. James E. Dean, by Maureen Kowalski, his attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 23, 2013, in which the Board affirmed a November 19, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 21, 2011, decision which granted Mr. Clay an 8% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Clay, a body man and painter, injured his lower back when he slipped and fell on August 12, 2010. His claim was held compensable for lumbar sprain. A lumbar x-ray taken that day revealed probable bilateral L5 spondylolysis. Treatment notes by Family Healthcare Associates from August of 2010 to May of 2011 indicate Mr. Clay reported numbness in his left leg. On September 16, 2010, he was diagnosed with lumbar radiculitis after reporting to Logan Regional Medical Center's emergency room with complaints of increased lower back pain.

1

Two independent medical evaluations were performed in order to determine the amount of permanent impairment Mr. Clay sustained as a result of his compensable lumbar sprain. Robert Lowe, M.D., performed the first evaluation on June 23, 2011. He diagnosed status post lumbar sprain with spondylolisthesis. Reading x-rays and an MRI, he noted spondylolisthesis and an annular tear at L5-S1. Using Table 75 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), he assessed 33% impairment for range of motion loss but noted that the assessment includes spondylolisthesis which is a pre-existing, non-compensable condition. Using just the compensable injury, he placed Mr. Clay in Lumbar Category II under West Virginia Code of State Rules § 85-20-C (2006). He stated that he did not find a dermatomal pattern of radiculopathy as is required for Lumbar Category III. He noted that a November 10, 2010, EMG was normal and showed no signs of radiculopathy. Lumbar Category II allows for between 5% and 8% impairment. Dr. Lowe therefore assessed 8% whole person impairment.

A second independent medical evaluation was performed by Bruce Guberman, M.D., on February 29, 2012. Dr. Guberman diagnosed acute and chronic lumbosacral strain. He found moderate decreased sensation in the left leg and a decrease in the left Achilles tendon reflex with sensory abnormalities in the left leg consistent with S1 radiculopathy. He opined that the findings were consistent with the MRI findings which showed a disc bulge at L5-S1 that was encroaching upon the epidural fat. He concluded there was objective evidence of left-sided radiculopathy. He assessed 23% impairment using the range of motion model. He placed Mr. Clay in Lumbar Category III of West Virginia Code of State Rules § 85-20-C and adjusted his rating to 13% whole person impairment.

The claims administrator granted Mr. Clay an 8% permanent partial disability award on July 21, 2011. The Office of Judges affirmed the decision in its November 19, 2012, Order. Both Drs. Guberman and Lowe opined that Mr. Clay exhibits lumbar impairment in excess of 13%. The Office of Judges found that the difference between the impairment recommendations is the placement of Mr. Clay in Lumbar Category II or III. The Office of Judges noted that in order to qualify for Lumbar Category III, there must be significant signs of radiculopathy such as pain in a dermatomal distribution, sensory loss, loss of relevant reflexes, loss of muscle strength, or measured atrophy. It also noted that impairment can be verified by an EMG. Dr. Guberman found decreased reflexes and sensation but Dr. Lowe did not. Neither doctor found signs of atrophy. The Office of Judges found that Dr. Guberman opined that there was diminished S1 sensation, not a complete loss. The Office of Judges also found that the compensable injury in this case is a lumbar sprain/strain, and diagnostic testing failed to reveal anything significant attributable to the compensable injury. Given the normal findings on the EMG and the lack of muscle atrophy, the Office of Judges concluded that a preponderance of the evidence indicates Mr. Clay falls into Lumbar Category II.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its April 23, 2013, decision. This Court agrees with the reasoning and conclusions of the Board of Review. The evidentiary record indicates Mr. Clay falls into Lumbar Category II and that he has been fully compensated by his 8% permanent partial disability award.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: September 29, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman